Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:    mark@markmerin.com
    paul@markmerin.com

Attorneys for Plaintiffs
WILLIE ROBERTS and CARLA SUTTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| WILLIE ROBERTS and CARLA SUTTON, | Case No. |
| Plaintiffs, | **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** |
| vs. | |
| COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## INTRODUCTION

This action arises from the officer-involved shooting of WILLIE ROBERTS by BRANDON

GEHERTY and the post-shooting cover-up efforts by JOHN SMITH, employees of COUNTY OF

KERN, KERN COUNTY SHERIFF'S OFFICE, and Sheriff DONNY YOUNGBLOOD.

## JURISDICTION & VENUE

1.    This Court has original jurisdiction of the federal claims asserted herein pursuant to 28

U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action

is brought to address deprivations, under color of state authority, of rights, privileges, and immunities

secured by the United States Constitution). This Court has supplemental jurisdiction of the state law

1

claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Kern, California.

## EXHAUSTION

4.      On February 8, 2021, WILLIE ROBERTS and CARLA SUTTON submitted a government claim to the COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE concerning the claims asserted in this action. On February 16, 2021, the COUNTY OF KERN responded that the government claim was "rejected on the merits."

## PARTIES

5.      Plaintiff WILLIE ROBERTS is a resident of the State of California, County of Kern.

6.      Plaintiff CARLA SUTTON is a resident of the State of California, County of Kern.

7.      Defendant COUNTY OF KERN is a "public entity" within the definition of Cal. Gov. Code § 811.2. Defendant COUNTY OF KERN is located in the State of California, County of Kern.

8.      Defendant KERN COUNTY SHERIFF'S OFFICE is a "public entity" within the definition of Cal. Gov. Code § 811.2. Defendant KERN COUNTY SHERIFF'S OFFICE is located in the State of California, County of Kern.

9.      Defendant DONNY YOUNGBLOOD is, and at all times material herein was, a law enforcement officer and the Sheriff of Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE, acting within the scope of that employment. Defendant DONNY YOUNGBLOOD is sued in his individual capacity.

10.     Defendant JASON COLBERT is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE, acting within the scope of that employment. Defendant JASON COLBERT is sued in his individual capacity.

2

11.     Defendant WILLIAM MALLOY is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE, acting within the scope of that employment. Defendant WILLIAM MALLOY is sued in his individual capacity.

12.     Defendant CODY JOHNSON is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE, acting within the scope of that employment. Defendant CODY JOHNSON is sued in his individual capacity.

13.     Defendant BRANDON GEHERTY is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE, acting within the scope of that employment. Defendant BRANDON GEHERTY is sued in his individual capacity.

14.     Defendant RYAN BROCK is, and at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE, acting within the scope of that employment. Defendant RYAN BROCK is sued in his individual capacity.

15.     Defendants DOE 1 to 10 are and/or were agents or employees of Defendants COUNTY OF KERN and/or KERN COUNTY SHERIFF'S OFFICE, acting within the scope of that employment and under color of state law. Defendants DOE 1 to 10's true and correct names and identities are not currently known. Defendants DOE 1 to 10 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

16.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

### The Officer-Involved Shooting

17.     On December 15, 2020, around 9:15 p.m., Plaintiff WILLIE ROBERTS met his friend at the casino located at 2407 East California Avenue, Bakersfield, California.

18.     Plaintiff WILLIE ROBERTS called Plaintiff CARLA SUTTON, his girlfriend, to request

3

1   that she come and pick him up from the casino.

2       19.     Plaintiff CARLA SUTTON agreed to pick up Plaintiff WILLIE ROBERTS from the

3   casino.

4       20.     Plaintiff WILLIE ROBERTS remained on the phone with Plaintiff CARLA SUTTON, as

5   Plaintiff CARLA SUTTON drove to the casino, while Plaintiff WILLIE ROBERTS provided directions

6   to his location.

7       21.     Around 9:30 p.m., Plaintiff WILLIE ROBERTS exited the casino into an alley which was

8   located behind the casino.

9       22.     Plaintiff WILLIE ROBERTS continued speaking to Plaintiff CARLA SUTTON on his

10  cell phone, providing her with directions, as Plaintiff WILLIE ROBERTS was exiting the casino.

11      23.     Plaintiff WILLIE ROBERTS instructed Plaintiff CARLA SUTTON to pull into the alley

12  located behind the casino, where Plaintiff WILLIE ROBERTS was located.

13      24.     Plaintiff CARLA SUTTON drove her vehicle into the alley. The alley was one vehicle-

14  lane wide.

15      25.     Plaintiff CARLA SUTTON's vehicle was located between two other vehicles in the alley,

16  one in front and one behind.

17      26.     The two vehicles were unmarked law enforcement vehicles containing Defendant KERN

18  COUINTY SHERIFF'S OFFICE on-duty personnel in plainclothes, unbeknownst to Plaintiffs WILLIE

19  ROBERTS and CARLA SUTTON.

20      27.     The first vehicle located in front of Plaintiff CARLA SUTTON's vehicle was occupied by

21  Defendant BRANDON GEHERTY, a sheriff's deputy; Jose Perez, a sheriff's deputy; Christian Melero, a

22  sergeant; and Ralph Lomas, a sheriff's deputy.

23      28.     The second vehicle located behind Plaintiff CARLA SUTTON's vehicle was occupied by

24  Defendant JASON COLBERT, a supervising sergeant; Defendant RYAN BROCK, a sheriff's deputy;

25  and Victor Garcia, a sheriff's deputy.

26      29.     Plaintiff CARLA SUTTON was forced to bring her vehicle to a stop when the two

27  unmarked law enforcement vehicles located in front and behind her vehicle came abruptly to a stop in the

28  alley.

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Roberts v. County of Kern*, United States District Court, Eastern District of California, Case No. _____

30.     Plaintiff CARLA SUTTON honked the horn of her vehicle to alert Plaintiff WILLIE ROBERTS of her presence.

31.     Plaintiff WILLIE ROBERTS began to walk towards Plaintiff CARLA SUTTON and her vehicle.

32.     Defendant BRANDON GEHERTY and Deputy Jose Perez quickly exited the vehicles in front of Plaintiff CARLA SUTTON's vehicle.

33.     Defendant BRANDON GEHERTY was armed with a department-issued LWRC International M16C rifle, which was equipped with an infrared laser, red-dot sight, magnifier, mounted flashlight, and suppressor.

34.     Defendant BRANDON GEHERTY pointed his rifle at Plaintiff WILLIE ROBERTS and command that he "stop" and "walk backwards," towards Defendant BRANDON GEHERTY.

35.     Plaintiff WILLIE ROBERTS complied by stopping and walking backwards, towards Defendant BRANDON GEHERTY.

36.     Defendant BRANDON GEHERTY asked Plaintiff WILLIE ROBERTS, "Do you have anything on you?"

37.     Plaintiff WILLIE ROBERTS responded that he was carrying a "fake toy gun" in his pants, an airsoft pistol.

38.     Defendant BRANDON GEHERTY patted Plaintiff WILLIE ROBERTS's waistline from behind, located the airsoft pistol, removed it from Plaintiff WILLIE ROBERTS's pants, and tossed it onto the ground.

39.     Defendant BRANDON GEHERTY commended Plaintiff WILLIE ROBERTS to "Get on the ground!"

40.     Plaintiff WILLIE ROBERTS complied by lying face-down on the ground.

41.     Defendant BRANDON GEHERTY shot Plaintiff WILLIE ROBERTS with his rifle, without warning, provocation, or any threat present.

42.     Plaintiff WILLIE ROBERTS was struck in the area of his upper-thighs by the shot fired from the rifle of Defendant BRANDON GEHERTY.

43.     Deputy Jose Perez reported over the dispatch radio that a suspect had accidentally

5

discharged a firearm.

44.     Plaintiff CARLA SUTTON opened the driver-side door of her vehicle and stepped out of her vehicle to get a better view of what was happening to Plaintiff WILLIE ROBERTS.

45.     Plaintiff CARLA SUTTON observed men pointing guns at Plaintiff WILLIE ROBERTS.

46.     Plaintiff CARLA SUTTON got back into her vehicle.

47.     Plaintiff WILLIE ROBERTS asked Defendant BRANDON GEHERTY, "Did you shoot me? I can't feel my legs."

48.     Defendant BRANDON GEHERTY responded, "Did I shoot you?"

49.     Defendant BRANDON GEHERTY told Deputy Christian Melero that Defendant BRANDON GEHERTY shot Plaintiff WILLIE ROBERTS.

50.     Deputy Christian Melero reported over the dispatch radio: "That's going to be a 998. 998. Suspect is down. However, breathing and conscious. Call medical, have them staged." Plaintiff WILLIE ROBERTS is heard crying out in pain during Deputy Christian Melero's report of the officer-involved shooting to dispatch.

51.     Defendant BRANDON GEHERTY pulled Plaintiff WILLIE ROBERTS's pants down to his knees.

52.      Defendant BRANDON GEHERTY observed the sites of the gunshot wounds on the back of Plaintiff WILLIE ROBERTS's legs and thighs.

53.     Plaintiff WILLIE ROBERTS was bleeding from the site of the gunshot wounds.

54.     Plaintiff WILLIE ROBERTS experienced intense pain and cried out, "What did I do? Am I going to die?"

55.     Defendants JASON COLBERT and RYAN BROCK approached Plaintiff CARLA SUTTON's vehicle.

56.     Defendant RYAN BROCK pointed a gun at Plaintiff CARLA SUTTON's head, as she sat in her vehicle.

57.     Defendant RYAN BROCK commanded Plaintiff CARLA SUTTON, "Get out of the car!"

58.     Plaintiff CARLA SUTTON complied with the commands and exited her vehicle.

59.     Defendant RYAN BROCK told Plaintiff CARLA SUTTON that she was being

6

"detained."

60.     Plaintiff CARLA SUTTON asked Defendant RYAN BROCK for what reason she was being detained but no response was provided.

61.     Defendant RYAN BROCK applied handcuffs to Plaintiff CARLA SUTTON's arms.

62.     Plaintiff CARLA SUTTON was scared and confused and did not know that the men who were assaulting her and Plaintiff WILLIE ROBERTS were law enforcement officers.

63.     Plaintiff CARLA SUTTON was moved by deputies closer to Plaintiff WILLIE ROBERTS, who was lying on the ground and visibly in pain.

64.     Plaintiff CARLA SUTTON asked deputies why Plaintiff WILLIE ROBERTS had been shot but received no response.

65.     Plaintiff CARLA SUTTON expressed concern for Plaintiff WILLIE ROBERTS to the deputies.

66.     A deputy lied to Plaintiff CARLA SUTTON, telling her that Plaintiff WILLIE ROBERTS had not been shot and that he was only "overreacting."

67.     Eventually, an ambulance arrived at the scene.

68.     Defendant JASON COLBERT ordered Deputy Andrew Bassett to handcuff Plaintiff WILLIE ROBERTS arms before he was transported by the ambulance to the hospital.

69.     Plaintiff WILLIE ROBERTS's clothes were cut-off of his body, his arms were handcuffed, and he was transported to the hospital.

70.     Deputy Philippe Tampinco followed the ambulance in which Plaintiff WILLIE ROBERTS was transported from the scene of the officer-involved shooting to the hospital.

71.     Around 10:00 p.m., Plaintiff WILLIE ROBERTS was admitted to the Kern Medical Center for emergency medical care. Plaintiff WILLIE ROBERTS was in the custody of Deputy Philippe Tampinco.

72.     Plaintiff WILLIE ROBERTS's injuries were documented by hospital staff as three gunshot wounds to the back of the legs: "There are multiple ballistic fragments in the left greater than right proximal thighs, measuring up to 1.5 cm on the left. Metallic fragments also project over the penis and scrotal sac. Associated soft tissue lacerations and swelling. Punctate density at the lateral aspect of

the right knee."

73.      Deputy Philippe Tampinco prepared a written report, stating: "Medical staff told me ROBERTS was stable and he had three gunshot wounds. There were two bullet holes on his upper left thigh near his groin and there was one bullet hole on his upper right thigh near his groin."

74.      Plaintiff WILLIE ROBERTS received medical treatment for the injuries he sustained associated with the gunshot wounds.

75.      Plaintiff WILLIE ROBERTS was later transported and booked into the custody of Defendant KERN COUNTY SHERIFF'S OFFICE at the Central Receiving Facility.

**The Post-Shooting Arrest, Seizure, and Search**

76.      Plaintiff CARLA SUTTON was forced by deputies to remain handcuffed at the scene, in the freezing cold, for several hours after the officer-involved shooting of Plaintiff WILLIE ROBERTS.

77.      Plaintiff CARLA SUTTON was interrogated by detectives, including Defendants WILLIAM MALLOY and CODY JOHNSON.

78.      Defendant CODY JOHNSON threatened Plaintiff CARLA SUTTON that none of her property, including her vehicle, her purse, and her cell phone, would be returned to her if she did not cooperate.

79.      Defendant CODY JOHNSON told Plaintiff CARLA SUTTON that the police would seize and search all of her property.

80.      Plaintiff CARLA SUTTON pleaded with Defendant CODY JOHNSON, explaining that because it was the middle of the night, if she were left without her vehicle, purse, and cell phone, she would have nothing.

81.      Defendant CODY JOHNSON told Plaintiff CARLA SUTTON that, if she signed a consent form permitting law enforcement to seize and to search her property, including downloading all of the contents of her cell phone, Defendant CODY JOHNSON would agree to return Plaintiff CARLA SUTTON's vehicle and purse after it had been searched.

82.      Defendant CODY JOHNSON's threats coerced Plaintiff CARLA SUTTON to sign the consent form.

83.      Defendant WILLIAM MALLOY signed as a "Witness" on the consent form.

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Roberts v. County of Kern*, United States District Court, Eastern District of California, Case No. _____

84.     Plaintiff CARLA SUTTON's property was searched, without cause.

85.     Plaintiff CARLA SUTTON was released from custody hours after her arrest.

86.     Plaintiff CARLA SUTTON was left to walk home, in the middle of the night.

87.     Around 3:00 a.m., Plaintiff CARLA SUTTON's vehicle and purse were returned to her.

88.     On January 5, 2021, Plaintiff CARLA SUTTON's cell phone was returned after its contents had been downloaded and searched by Defendant KERN COUNTY SHERIFF'S OFFICE.

**The Post-Incident False Reports**

89.     Defendant KERN COUNTY SHERIFF'S OFFICE's personnel falsely reported the incidents, including the officer-involved shooting of Plaintiff WILLIE ROBERTS and arrest, seizure, and search of Plaintiff CARLA SUTTON.

90.     On December 15, 2020, Defendant BRANDON GEHERTY falsely reported to Deputy Jose Perez at the scene that Defendant BRANDON GEHERTY shot Plaintiff WILLIE ROBERTS when Plaintiff WILLIE ROBERTS brought a gun up close to Defendant BRANDON GEHERTY's face.

91.     On December 15, 2020, Defendant BRANDON GEHERTY falsely reported to Defendant JASON COLBERT during a "safety briefing" that Plaintiff WILLIE ROBERTS pointed a black handgun at Defendant BRANDON GEHERTY's face and Defendant BRANDON GEHERTY fired one round from his department-issued rifle at a downward angle striking Plaintiff WILLIE ROBERTS.

92.     On December 15, 2020, Deputy Victor Garcia falsely reported in a written report that the "security guard manning the entrance" of the casino was "later identified as" Plaintiff WILLIE ROBERTS, who "initially turned the deputies away telling them the casino was full and they would have to come back thirty minutes later" before the officer-involved shooting incident.

93.     On December 15, 2020, Defendant CODY JOHNSON falsely reported in a written report that Plaintiff CARLA SUTTON "stated she would provide me consent to search her phone in so that she could get it back sooner" and "agreed to provide consent to search her phone and signed the form."

94.     On December 15, 2020, Deputy Jose Perez falsely reported during a post-incident interview that Plaintiff WILLIE ROBERTS "immediately start[ed] saying something like 'It's fake, it was an accident, I'm sorry it was an accident,'" after Defendant BRANDON GEHERTY had shot Plaintiff WILLIE ROBERTS.

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Roberts v. County of Kern*, United States District Court, Eastern District of California, Case No. _____

95.     On December 16, 2020, Defendant WILLIAM MALLOY falsely reported in a declaration supporting an arrest warrant the following "Narrative": "During the service of a search warrant at an illegal gambling casino at 2407 E California Avenue, Willie Roberts brandished a black handgun and pointed it at deputies at close range, a deputy fired his department issued rifle striking Willie Roberts in the legs. The black handgun was later determined to be an air powered BB/airsoft gun."

**The Officer-Involved Shooting Interview of Deputy Brandon Geherty**

96.     On December 18, 2020, Defendant BRANDON GEHERTY was interviewed by Defendants WILLIAM MALLOY and CODY JOHNSON. Defendant BRANDON GEHERTY was interviewed at Defendant KERN COUNTY SHERIFF'S OFFICE's headquarters with his attorney present.

97.     Defendant BRANDON GEHERTY falsely reported the circumstances of the officer-involved shooting of Plaintiff WILLIE ROBERTS, including by stating:

a.      Plaintiff WILLIE ROBERTS approached Defendant BRANDON GEHERTY, reached into his waistband, and removed a handgun. Plaintiff WILLIE ROBERTS pointed the handgun directly at Defendant BRANDON GEHERTY's face, between his eyes.

b.      Defendant BRANDON GEHERTY took a step back, away from Plaintiff WILLIE ROBERTS, and his right foot slipped as he stepped backwards.

c.      Defendant BRANDON GEHERTY accidentally fired one round towards Plaintiff WILLIE ROBERTS, as Defendant BRANDON GEHERTY slipped.

d.      Plaintiff WILLIE ROBERTS fell to the ground face-first, after being struck by Defendant BRANDON GEHERTY's gunfire.

e.      Defendant BRANDON GEHERTY believed that Plaintiff WILLIE ROBERTS had possibly been struck by gunfire in the torso or back.

f.      Plaintiff WILLIE ROBERTS was angry at himself and stated: "I'm sorry. It was an accident. I didn't mean to."

**The Criminal Charges**

98.     On December 18, 2020, the Kern County District Attorney's Office filed criminal charges against Plaintiff WILLIE ROBERTS, including alleged violations of Cal. Pen. Code § 417.8 (brandishing

10

a firearm or deadly weapon to avoid arrest) and Cal. Pen. Code § 69 (obstructing/resisting an officer).

99.     On information and belief, the Kern County District Attorney's Office's decision to file criminal charges against Plaintiff WILLIE ROBERTS was based on the misrepresentations contained in Defendant BRANDON GEHERTY's false reports of the officer-involved shooting of Plaintiff WILLIE ROBERTS.

### The Officer-Involved Shooting Investigation

100.     Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE conducted an investigation of the officer-involved shooting of Plaintiff WILLIE ROBERTS.

101.     Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE investigation was inadequate and was a sham investigation.

102.     Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE's investigation did not include interviewing relevant and non-biased witnesses to the officer-involved shooting, including Plaintiffs WILLIE ROBERTS and CARLA SUTTON.

103.      Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE's investigation did not involve consideration of relevant evidence of the officer-involved shooting, including the number, nature, and trajectory of the gunshots that wounded Plaintiff WILLIE ROBERTS.

104.     On January 19, 2021, Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE convened an "Incident Review Board" for the purpose of reviewing the officer-involved shooting of Plaintiff WILLIE ROBERTS.

105.     The Incident Review Board was made-up of Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE's employees, including Defendants DOE 1 to 10, who either had policymaking authority, or had been delegated policymaking authority, for the purpose of determining whether Defendant BRANDON GEHERTY's officer-involved shooting of Plaintiff WILLIE ROBERTS was consistent with and permissible under Defendant KERN COUNTY SHERIFF'S OFFICE's policies and procedures.

106.     The Incident Review Board concluded that Defendant BRANDON GEHERTY's use of deadly force against Plaintiff WILLIE ROBERTS was "within department policy."

107.     On January 20, 2021, Defendants KERN COUNTY SHERIFF'S OFFICE published a

11

"Critical Incident Video Review" on its YouTube channel. (< https://youtu.be/8VRHXoS2TQ0 >.)

108.   Defendant KERN COUNTY SHERIFF'S OFFICE's video falsely provides that it will "help bring context to the facts surrounding this case" but does not include relevant evidence, including the witness accounts of Plaintiffs WILLIE ROBERTS and CARLA SUTTON or the accurate number, nature, and trajectory of the gunshots that wounded Plaintiff WILLIE ROBERTS.

109.   Defendant KERN COUNTY SHERIFF'S OFFICE's video falsely reports that Defendant BRANDON GEHERTY "fired one round" into Plaintiff WILLIE ROBERTS, and that Plaintiff WILLIE ROBERTS "retrieved a black handgun from his waistband and pointed it at Deputy Geherty's face."

**The Citizen Complaint**

110.   Defendant KERN COUNTY SHERIFF'S OFFICE's Policy and Procedure No. D-600 ("Citizen Complaint Procedure") is a procedure to investigate complaints by members of the public against personnel, pursuant to Cal. Pen. Code § 832.5(a)(1). (< https://www.kernsheriff.org/Policies >.)

111.   Defendant KERN COUNTY SHERIFF'S OFFICE's "Citizen Complaint Process" identifies its "Disposition" process as follows: "After all the evidence and interviews are obtained, the investigator files a report which is reviewed by command staff personnel. [¶] The Sheriff's Office administration reviews the completed investigation and at the conclusion of the review, one of four dispositions will be determined for each allegation of misconduct."
(< https://www.kernsheriff.org/Investigations_Document/citizen_complaint_process.pdf >.)

112.   On February 8, 2021, Plaintiffs WILLIE ROBERTS and CARLA SUTTON submitted a citizen complaint to Defendant KERN COUNTY SHERIFF'S OFFICE.

113.   Plaintiff WILLIE ROBERTS's citizen complaint alleged several incidents of misconduct, including: (1) "Deputy Brandon Geherty used excessive force against Willie Roberts"; (2) "Deputy Brandon Geherty, and other Kern County Sheriff's Office employees, prepared false reports inaccurately describing the officer-involved shooting of Willie Roberts"; (3) "Deputy Brandon Geherty, and other Kern County Sheriff's Office employees, violated the Kern County Sheriff's Office's Policies and Procedures, including by using excessive force against Willie Roberts and/or preparing false reports inaccurately describing the officer-involved shooting of Willie Roberts"; (4) "Kern County Sheriff's Office and its employees conducted an inadequate investigation of Deputy Brandon Geherty's use-of-

12

deadly-force against Willie Roberts, including failing to interview all relevant and non-biased witnesses and failing to consider all relevant evidence, such as the nature and trajectory of the gunshot wounds sustained by Willie Roberts"; and (5) "Kern County Sheriff's Office and its employees made false statements to the public concerning Deputy Brandon Geherty's use-of-deadly-force against Willie Roberts, including falsely reporting that Deputy Brandon Geherty 'fired one round' into Willie Roberts and that Willie Roberts 'retrieved a black handgun from his waistband and pointed it at Deputy Geherty's face.'"

114.    Plaintiff CARLA SUTTON's citizen complaint alleged several incidents of misconduct, including: (1) "A currently-unknown Kern County Sheriff's Office deputy used excessive force against Carla Sutton, including by pointing a gun at her head, without cause"; (2) "Kern County Sheriff's Office and its employees, including Detective Smith, detained and interrogated Carla Sutton for several hours, without cause"; (3) "Kern County Sheriff's Office and its employees, including Detective Smith, seized and searched Carla Sutton's personal property, including her purse, cell phone, and vehicle, without cause"; (4) "Detective Smith coerced Carla Sutton into signing a consent form for the seizure and search of her personal property, including by threatening Carla Sutton that none of her personal property would be returned if she did not cooperate"; and (5) "Kern County Sheriff's Office and its employees, including Detective Smith, violated the Kern County Sheriff's Office's Policies and Procedures, including by using excessive force against Carla Sutton, detaining Carla Sutton without cause, seizing and searching Carla Sutton's proper without cause, and/or coercing Carla Sutton to sign a consent form under threat."

115.    Defendant KERN COUNTY SHERIFF'S OFFICE has not acknowledged receipt of Plaintiffs WILLIE ROBERTS and CARLA SUTTON's citizen complaint or attempted to contact them to learn about their allegations of misconduct.

## POLICY AND CUSTOM ALLEGATIONS

116.    Defendant DONNY YOUNGBLOOD is and was a final policymaking authority for Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE, at all times material herein. *See* Cal. Gov. Code § 26600; Kern County Sheriff's Office Policy and Procedure No. A-0100 ("Introduction") & No. A-0400 ("Introduction – Organizational Structure") (available at: < https://www.kernsheriff.org/Policies >.) Defendant DONNY YOUNGBLOOD has been employed by

13

Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE since 1972, and has served as Sherriff for Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE since 2006.

117.     Defendants JASON COLBERT and DOE 1 to 10 are/were final policymaking authorities for Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE, based on a delegation of authority from Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, and/or DONNY YOUNGBLOOD.

**Policy or Custom**

118.     Defendants BRANDON GEHERTY and RYAN BROCK's use of unreasonable and excessive force, or acquiescence to fellow officers' use of unreasonable and excessive force against Plaintiffs WILLIE ROBERTS and CARLA SUTTON resulted from the existence of a policy or custom maintained by Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10. Namely, a policy or custom of action or inaction Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10 knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of a culture permitting or encouraging personnel's use of unreasonable and excessive force.

119.     Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10's insufficient training, supervision, or control of their personnel, including Defendants BRANDON GEHERTY and RYAN BROCK, was a moving force behind and contributed to the use of unreasonable and excessive force against Plaintiffs WILLIE ROBERTS and CARLA SUTTON, resulting in their injuries. Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10 knew or should have known that personnel under their command, including Defendants BRANDON GEHERTY and RYAN BROCK, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy or custom, or the result of the lack of policy.

120.     Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10's policy or custom of unreasonable and

14

excessive force is demonstrated by the use of force against Plaintiffs WILLIE ROBERTS and CARLA SUTTON and response which gives rise to this action, including:

a. The multiple harms which resulted from a single incident, including Defendant BRANDON GEHERTY's officer-involved shooting of Plaintiff WILLIE ROBERTS and Defendant RYAN BROCK's pointing a weapon at Plaintiff CARLA SUTTON's head;

b. The violation of multiple California Peace Officer Standards and Training ("POST") requirements and Defendant KERN COUNTY SHERIFF'S OFFICE's policies and procedures governing Defendants BRANDON GEHERTY and RYAN BROCK's conduct.

c. The open and cavalier nature with which Defendants BRANDON GEHERTY and RYAN BROCK engaged in misconduct in an open and public place, without concern that the conduct could be observed by others.

d. The impunity with which Defendants BRANDON GEHERTY and RYAN BROCK acted, where multiple deputies were present, involved, and actively worked to cover-up Defendant BRANDON GEHERTY's unreasonable and excessive use of force against Plaintiff WILLIE ROBERTS.

121. Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10's policy or custom is further demonstrated by the following occurrences and incidents:

a. In 2006, Defendant DONNY YOUNGBLOOD sought the endorsement of a detention deputies union. Defendant DONNY YOUNGBLOOD asked the question: "When a deputy shoots somebody, which way is better financially? To cripple them or kill them, for the county?" When the response "Kill them?" was received, Defendant DONNY YOUNGBLOOD stated: "Absolutely, because if you cripple them you have to take care of them for life and that cost goes way up." "When a guy makes a bad shooting on somebody and kills them? Three million bucks and the family goes away after a long back and forth. When it happens in corrections, it's a totally different ballgame." Los Angeles Times, *Kern County sheriff is caught on tape saying it costs less to kill suspects than to wound them* (April 10, 2018) (< https://www.latimes.com/local/lanow/la-me-kern-county-sheriff-tape-20180410-story.html >).

b.       On December 18, 2010, Defendant KERN COUNTY SHERIFF'S OFFICE's deputies went to the home of Jose Lucero because he had been repeatedly making calls to 9-1-1, saying that a friend in Lancaster was being assaulted and murdered. Mr. Lucero had mental health issues and was a recovering addict. The deputies shocked Mr. Lucero with a taser about 29 times, struck him 33 times with batons, and one deputy used pepper spray in the closed environment, causing the deputies to suffer the pepper spray's symptoms. The incident lasted about six minutes caused Mr. Lucero's death. A wrongful death lawsuit was filed. (*Lucero v. County of Kern*, Cal. Super. Ct., Kern Cnty. Case No. CV-273050.) A jury returned a verdict for the plaintiffs and a $4,300,000 judgment was entered. Bakersfield.com, *Family wins $4.5 million in wrongful death suit against county* (Nov. 8, 2012) (< https://www.bakersfield.com/news/family-wins-4-5-million-in-wrongful-death-suit-against-county/article_4df5553a-46df-5355-9eea-4da19b364a64.html >). The verdict and judgment were upheld on appeal. *Lucero v. County of Kern*, Cal. Ct. App., 5th Dist. Case No. F066704 (Sep. 3, 2014). Defendant DONNY YOUNGBLOOD denied his deputies delivered 29 taser shocks but declined to give an alternative total, claimed that Mr. Lucero died from "heart failure from methamphetamine and fighting with the police," defended his deputies and said people who did not work in law enforcement could not comprehend or judge such cases, and stated: "I can tell you to this day, that was the worst verdict that has ever happened." The Guardian, *The County: where deputies dole out rough justice* (Dec. 4, 2015) (< https://www.theguardian.com/us-news/2015/dec/04/the-county-kern-county-california-deputies-tactics >).

c.       On April 21, 2013, David "Scotty" Byrket was arrested by Defendant KERN COUNTY SHERIFF'S OFFICE's deputies, given a "rough ride" to jail, repeatedly beaten by deputies over the course of two days, stripped of his clothes, and thrown into a jail cell. Mr. Byrket was beaten by several deputies, including Defendant BRANDON GEHERTY. Mr. Byrket was released two days later with no charges filed against him. Mr. Byrket filed a citizen complaint a few weeks after his release but nothing was done in response. Instead, deputies began idling in their cars outside his house, intimidating him. Mr. Byrket complained of his experience to the press. New York Daily News, *Bakersfield man says Kern County sheriff deputies 'tortured' and jailed him before eventually releasing him without charge* (Sep. 4, 2013) (< https://www.nydailynews.com/news/national/man-accuses-kern-county-sheriff-

16

department-torture-article-1.1446285 >). The deputies filed charges within days of Mr. Byrket's

complaints to the press. Defendant BRANDON GEHERTY had written in his arrest report that Mr.

Byrket "attempted to kick me in the groin" but later changed his account, stating that Mr. Byrket "kicked

me three to four times." The Guardian, *The County: where deputies dole out rough justice* (Dec. 4, 2015)

(< https://www.theguardian.com/us-news/2015/dec/04/the-county-kern-county-california-deputies-tactics

>).

       d.     On May 7, 2013, Defendant KERN COUNTY SHERIFF'S OFFICE's deputies

ordered a canine to attack David Silva, then several deputies repeatedly kicked and beat him with their

batons across the head and body, hogtied him and sat on his back while compressing his chest for several

minutes, causing his death. The deputies seized and destroyed videos of the incident captured by

bystander witnesses. Defendant DONNY YOUNGBLOOD announced his decision that the deputies

acted appropriately, stating that the witnesses who challenged the deputies' version of incident "didn't

like law enforcement from the beginning" and he criticized Mr. Silva for "grabbing the K9 dog around

the neck when it bit him." The Guardian, *The County: where deputies dole out rough justice* (Dec. 4,

2015) (< https://www.theguardian.com/us-news/2015/dec/04/the-county-kern-county-california-deputies-

tactics >). A civil rights lawsuit was filed. (*Garlick v. County of Kern*, E.D. Cal. Case No. 1:13-cv-

01051-LJO-JLT.) The district court denied summary judgment (ECF No. 157) and found that evidence of

deputies destroying the witnesses' videos could be presented to a jury (ECF No. 224). The case was

settled for $3,400,000, before trial. Defendant DONNY YOUNGBLOOD opposed the settlement,

reaffirming that his deputies did nothing wrong, and disparaged the deceased's family, stating: "I haven't

heard the Silva family talk one time that they wish their loved one hadn't been a meth addict."

Los Angeles Times, *The family of David Silva received a $3.4-million settlement from Kern County, but

did they get justice?* (May 13, 2016) (< https://www.latimes.com/local/lanow/la-me-kern-county-sheriff-

tape-20180410-story.html >).

       e.     On April 28, 2015, Defendant BRANDON GEHERTY responded to a disturbance

call at a trailer park near Lake Isabella. Michael Le Mon was experiencing a mental health breakdown.

Defendant BRANDON GEHERTY and a fellow deputy forced their way into Mr. Le Mon's trailer. Mr.

Le Mon was pepper-sprayed, struck with batons, shocked with a taser, handcuffed, and placed in a

17

chokehold, causing Mr. Le Mons' death. The Guardian, *The County: where deputies dole out rough justice* (Dec. 4, 2015) (< https://www.theguardian.com/us-news/2015/dec/04/the-county-kern-county-california-deputies-tactics >).

f.      On December 4, 2015, The Guardian published an article detailing the "wild west"-style policing carried out by Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE's deputies, under the supervision of Defendant DONNY YOUNGBLOOD. Therein, the article reported: (1) "deputies have been caught rewarding colleagues for aggressive use of batons with a 'baby seal' prize for the best clubbing," while "[o]thers have modified their patrol cars with decals declaring 'We'll kick your ass'"; (2) "[a]t least $38m has been awarded in settlements and judgments in 20 different lawsuits since 2005 involving alleged wrongdoing by KCSO deputies, according to a review of court records" and "County officials refused to disclose their total payout"; and (3) prospective deputies are subject to "military-style boot camp" where "[r]ecruits are screamed at during roll-call meetings, teargassed and pepper-sprayed in the face, and put through intensive physical fighting sessions in which they are attacked with batons" and "clips, circulated among deputies, are set to heavy metal soundtracks and feature slogans such as 'KCSO – The timid need not apply'." The Guardian, *The County: where deputies dole out rough justice* (Dec. 4, 2015) (< https://www.theguardian.com/us-news/2015/dec/04/the-county-kern-county-california-deputies-tactics >).

g.      On December 22, 2016, the California Department of Justice opened separate civil pattern or practice investigations into Defendant KERN COUNTY SHERIFF'S OFFICE, which focused on allegations involving police practices and accountability and was informed by complaints by individuals and community organizations and media reports which alleged use of excessive force and other serious misconduct. (< https://oag.ca.gov/news/press-releases/attorney-general-kamala-d-harris-opens-investigations-kern-county-sheriff%E2%80%99s >.) On December 22, 2020, "[a]fter a comprehensive investigation, the Attorney General's Office concluded that because of defective or inadequate policies, practices, and procedures, KCSO has failed to uniformly and adequately enforce the law" and " engaged in a pattern or practice of conduct that deprived persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States or the Constitution or laws of the State of California," "includ[ing], but [] not limited, to: using unreasonable force, especially

18

with respect to use of its canines"; "engaging in unreasonable stops, searches, arrests, and seizures"; and "failure to exercise appropriate management and supervision of its law enforcement officers…" "The investigation also identified other legal violations in the use of deadly force against individuals with a mental health disability and those in crisis; failure to provide meaningful access to limited English proficient individuals… ; failure to provide equal employment opportunities to KCSO applicants and employees… ; failure to adequately maintain a meaningful program for receipt and investigation of civilian complaints…; and "lack of a comprehensive  community policing  program." (< https://oag.ca.gov/sites/default/files/Complaint%20Filed.pdf >.) On December 22, 2020, the California Department of Justice and Defendant KERN COUNTY SHERIFF'S OFFICE agreed to a settlement, following the investigation. (< https://oag.ca.gov/news/press-releases/attorney-general-becerra-announces-major-settlement-reform-wide-range-practices >.) The terms of the settlement require Defendant KERN COUNTY SHERIFF'S OFFICE to implement a five-year reform plan, including reforming use-of-force policies. (< https://oag.ca.gov/sites/default/files/Judgment.pdf >.) Defendant DONNY YOUNGBLOOD responded to the settlement, stating: "I want to make it clear that we don't agree with everything that the attorney general has said" and "I do not believe that the men and women of this organization have ever violated the constitutional rights, have ever used excessive force that we didn't deal with punitively when we found it—that just doesn't happen in our organization." Courthouse News Service, *California, Kern County Sheriff Reach Reform Deal to End AG Probe* (Dec. 22, 2020) (< https://www.courthousenews.com/california-kern-county-sheriff-reach-reform-deal-to-end-ag-probe/ >.)

        h.      On November 9, 2017, the American Civil Liberties Union ("ACLU") of California issued a report on excessive force used by Kern County Sheriff's Office ("KCSO") deputies. (< https://www.aclusocal.org/en/press-releases/aclu-releases-report-excessive-force-used-kern-county-and-bakersfield-law-enforcement >.) Therein, the report found: (1) "KCSO deputies have shot and killed 10 people since 2013, far more than other Sheriff's departments in counties with equivalent population sizes"; (2) that "the vast majority of KCSO shootings have involved someone unarmed or armed only with a knife"; (3) "[i]n the last decade, 5 people have died after being attacked by KCSO canines, 3 between 2011 and 2013 alone"; (4) "[s]ince 2009, at least 9 people have died after being beaten or tased by KCSO deputies" and, "[*i*]*n every case, the person killed was unarmed*"; (5) "[t]welve KCSO deputies

19

COMPLAINT; DEMAND FOR JURY TRIAL
*Roberts v. County of Kern*, United States District Court, Eastern District of California, Case No. _____

have been involved in multiple shootings since 2009" and "[t]wo of them—Deputies Wesley Kraft and

Cody Johnson—shot multiple people within the span of a few months"; and (6) "[n]ews reports …

document in detail KCSO deputies' use of resisting arrest charges to intimidate victims of excessive

force," including, "in the last 3 years, KCSO officers sought 'resisting' charges in 273 cases *without*

*seeking a charge for any other offense*," "KCSO reported 381 assaults on its officers between 2014 and

2016, but over half of those reported incidents resulted in no injury to the officer and did not involve a

gun or knife," "KCSO officers have arrested at least 24 individuals pursuant to PC § 600 charges since

2014" and "the court files for three of those cases [reflect that] charges followed the use of a canine

attack in the process of arrest and were based on the defendant's response to being bitten." (<

https://www.aclusocal.org/sites/default/files/patterns_practices_police_excessive_force_kern_county_acl

u-ca_paper.pdf >.) The incident data includes the following:

| Name | Date | Fatal | Armed | Force | Officer History | Notes on Circumstances |
|---|---|---|---|---|---|---|
| Juan Fidel Castro | 12/8/15 | Y | N | Hands-on force | | Died in KCSO custody |
| Benjamin Ashley | 8/15/15 | Y | Knife | Shot | Repeat Shooter (James Perry); Repeat Shooter; Repeat Force; Misconduct (William Starr) | |
| Unknown | 8/1/15 | N | | Shot | Repeat Shooter (Michael Booker); Repeat Shooter (Conrado Curiel); Repeat Shooter (Gabriel Romo); Repeat Shooter; Repeat Force; Misconduct (William Starr) | |
| Unknown | 8/3/15 | N | | Shot | | |
| Unknown | 7/24/15 | N | | Shot | | |
| Unknown | 7/28/15 | N | | Shot | | |
| Michael Earl Le Mon | 4/28/15 | Y | N | Baton, Taser, Pepper spray, Control hold | Repeat Force (Brandon Geherty) | |
| David Garcia | 1/26/15 | Y | Knife | Shot | Repeat Shooter (Robert Reed) | Signs of mental illness. Police responded to welfare check. |
| Maria Rodriguez | 8/3/14 | Y | N | Shot | Misconduct (Dwayne Perkins) | Signs of mental illness. Carrying a fake gun. |
| Gregory Johnson | 6/15/14 | Y | Knife | Shot | Repeat Shooter (James Perry) | Resident at an elder care facility |
| Henry Curtis | 5/24/14 | Y | Knife | Shot | | |
| Christopher McDaniel | 3/26/14 | Y | | Shot; K9 | Repeat Force (Jeffrey Kelly) | Shot following vehicle chase |
| Robert (James) Moore | 2/12/14 | Y | N | Baton, feet, fists, pepper spray | | |
| Bethany Lytle | 12/29/13 | Y | Knife | Shot | | Shot by police responding to report of mental health crisis. |
| Steven Cordova | 11/10/13 | N | Y | Shot | Repeat Shooter; Misconduct (Derrick Penney); Misconduct (Logan August) | Responding to call reporting suicidal man |
| Sergio Munoz | 10/25/13 | Y | Y | Shot | | |
| Ronnie Ledesma | 8/27/13 | Y | N | Baton, K9, Control hold | Misconduct (Dwayne Perkins) | Killed by police responding to report of man under the influence of drugs or alcohol |
| Unknown | 6/23/13 | N | | Shot | Repeat Shooter (Cody Johnson) | No details reported in incident review log or press release |
| David Silva | 5/8/13 | Y | N | Baton, K9, Taser, Hands-on force | Repeat Force (Jeffrey Kelly); Repeat Force (Doug Sword); Repeat Force (Ryan Greer) | |
| Caleb Blackburn | 5/15/13 | Y | N | Shot, Taser | | Signs of mental illness. |
| Darren Raines | 4/18/13 | Y | Y | Shot | Repeat Shooter (Cody Johnson); Repeat Force (Doug Sword) | Shot inside home during stand-off with police, possibly mental |

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Roberts v. County of Kern*, United States District Court, Eastern District of California, Case No. _____

| | | | | | | health crisis |
|---|---|---|---|---|---|---|
| Jose Garcia | 3/9/13 | N | Y | Shot | Repeat Shooter (Cody Johnson) | Shot during foot pursuit |
| Adolfo Rivera | 1/3/13 | N | N | Shot | Repeat Shooter (Robert Reed) | Shot during vehicle pursuit |
| Andres Aguilar | 11/15/12 | Y | Y | Shot | Repeat Shooter (Michael Booker); Repeat Shooter (Conrado Curiel); Repeat Shooter (Patrick McNeal); Repeat Shooter (Gabriel Romo); Repeat Shooter; Misconduct (Derrick Penney) | |
| Jared Bailey | 3/7/12 | N | Y | Shot | | |
| Fernando Sumante | 2/25/12 | N | Y | Shot | | |
| Christian Chavez | 1/23/12 | Y | Knife | Shot | | Responding to 911 call for assistance with person expressing suicidal thoughts |
| Unknown | 1/3/12 | N | N | Shot | | Shooting at moving vehicle |
| Unknown | 9/10/11 | N | | Shot | Repeat Shooter (Wesley Kraft) | |
| David Turner | 7/10/11 | Y | N | Shot | Repeat Shooter (Wesley Kraft) | Shot during police investigation into report of minors trying to buy alcohol. Turner was with his son, carrying only beer. |
| Adam Horttor | 6/1/11 | Y | N | Shot, Taser, Hands-on force | Repeat Shooter (Daniel Willis) | Reportedly beaten severely by officers on 5/31/11. Known to struggle with mental illness. |
| Jose Mendez | 5/6/11 | Y | N | Shot; K9 | Repeat Shooter (Jason Colbert) | Shot while carrying metal rod |
| Rodolfo Medrano | 5/29/11 | Y | Knife | Shot | Repeat Shooter (Patrick McNeal) | Shot during welfare check responding to suicidal comments, while in a wheelchair (amputee) |
| Jose Lucero | 12/18/10 | Y | N | Taser, Baton, Pepper spray, Hands-on force | Repeat Force (Ryan Greer) | |
| John Paul Jones | 11/13/10 | N | N | Shot | | Shot at moving vehicle (quad) |
| Jessica Lesly | 9/3/10 | N | N | Shot; K9 | | Shot during vehicle pursuit, then arrested with canine |
| Carlos Morales | 9/8/10 | N | Y | Shot | Repeat Shooter (Michael Booker); Repeat Shooter; Repeat Force; Misconduct (William Starr) | |
| Adolfo Rivera | 3/9/10 | N | | Shot | Repeat Shooter (Patrick McNeal) | |
| Luke Goodman | 10/17/09 | N | Y | Shot | | |
| Rory McKenzie | 7/2/09 | Y | N | Taser, K9 | | |
| Bruce Namauleg | 6/13/09 | Y | Knife | Shot | Repeat Shooter (Jason Colbert) | |
| Unknown | 4/29/09 | N | | Shot | | OIS PRA |
| Michael Mesa | 1/20/09 | Y | N | Taser, Baton, Control hold, Pepper spray | | |
| Garrett Farn | 2/19/08 | Y | N | Taser | | Signs of mental illness or impairment |
| Ray Robles | 1/21/06 | Y | N | Baton, K9, Blunt force, Prone positioning | Repeat Shooter; Misconduct; Repeat Force (William Starr) | |

i.      On March 21, 2020, Israel Lucas was in the vicinity of the Family Dollar Store when law enforcement was called to scene in response to Mr. Lucas' presence. Mr. Lucas was unarmed and non-threating. Two of Defendant KERN COUNTY SHERIFF'S OFFICE's deputies responded to the scene, confronted Mr. Lucas in an aggressive manner, and shot Mr. Lucas to death, without provocation or justification. A civil rights lawsuit was filed. (*I.D.L. v. County of Kern*, E.D. Cal. Case No. 1:20-cv-01420-NONE-JLT & Cal. Super. Ct., Kern Cnty. Case No. BCV-20-102074.) The case remains pending.

j.      On April 18, 2020, Graciano Ceballos was driving a vehicle in which his

paraplegic brother was a passenger. Mr. Ceballos became upset and fired a gun into the air while driving. Defendant KERN COUNTY SHERIFF'S OFFICE's deputies, including Kolte Paxson, Adrian Olmos, Bryan Eidenshink, Nathan Pucilowsky, Dwayne Perkins, and Jessica Zavala, attempted to initiate a traffic stop of Mr. Ceballos' vehicle. Mr. Ceballos tossed a firearm out of the window of his vehicle and led deputies on a 30-minute vehicle pursuit. The pursuit ended and Mr. Ceballos attempted to exit his vehicle. Mr. Ceballos was non-threatening and unarmed, as he exited his vehicle. Deputies Paxson, Olmos, Eidenshink, Pucilowsky, Perkins, and Zavala opened-fire on Mr. Ceballos, killing him. A civil rights lawsuit was filed. (*H.C. v. County of Kern*, E.D. Cal. Case No. 1:21-cv-00142-NONE-JLT.) The case remains pending.

k.     On October 20, 2020, Mickel Lewis, a 39-year-old Black man, was subject to an unlawful traffic stop conducted by Defendant KERN COUNTY SHERIFF'S OFFICE's deputy Jason Ayala. Mr. Lewis was driving his vehicle, in which his girlfriend and her two minor daughters were passengers. Mr. Lewis complied with Deputy Ayala's command to exit the vehicle. Eventually, Mr. Lewis began to return to his vehicle, when he was issued a command by Deputy Ayala. Mr. Lewis held his hands up and began to turn towards Deputy Ayala, complying with the command. Deputy Ayala shot Mr. Lewis five times in the back and once on the side, before Mr. Lewis could completely turn towards Deputy Ayala. Defendant KERN COUNTY SHERIFF'S OFFICE released a video where a narrator falsely claimed that Mr. Lewis charged towards Deputy Ayala, shortly after the officer-involved shooting. Defendant KERN COUNTY SHERIFF'S OFFICE's deputies harassed and intimidated Mr. Lewis' family and friends when they visited the site of his death, circling mourners in sheriff's vehicles at the memorial site, honking, laughing, and mockingly waiving. A civil rights lawsuit was filed. (*Lewis v. Kern County*, E.D. Cal. Case No. 1:21-cv-00378-NONE-JLT.) The case remains pending.

122.     Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10 were aware of numerous incidents of personnel's use of unreasonable and excessive force, including those incidents identified above, but repeatedly refused or failed to take appropriate corrective action, including discipline, re-training, and/or changes to policies or procedures. Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10 expressly and impliedly

22

1   condoned the use of unreasonable and excessive force, emboldening their personnel, including

2   Defendants BRANDON GEHERTY and RYAN BROCK, to employ unreasonable and excessive force.

3   Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD,

4   JASON COLBERT, and DOE 1 to 10 perpetuated the problem by knowingly turning a blind eye to the

5   abuses, ignoring or refusing to investigate complaints of misconduct, acquiescing in and implicitly

6   condoning the misconduct by perpetuating a culture of impunity, failing meaningfully to discipline, re-

7   train, or otherwise penalize misconduct, failing to hold personnel accountable for violations of law or

8   policies, and creating or fostering an environment where personnel believed they could act with impunity

9   and "get away with anything."

10        123.    Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY

11   YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10 operate a review process for critical incidents

12   involving potential misconduct by personnel which is non-transparent, biased, and hindered by conflicts

13   of interest. Defendant DONNY YOUNGBLOOD is critical of any civilian oversight, rhetorically asking:

14   "Do you really think someone from Black Lives Matter should sit on a shooting review board?" The

15   Guardian, *The County: partners in crime* (Dec. 10, 2015) (< https://www.theguardian.com/us-

16   news/2015/dec/10/kern-county-california-police-killings-misconduct-district-attorney >).

17        124.    Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY

18   YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10  have failed meaningfully to discipline, re-train,

19   or otherwise penalize Defendant BRANDON GEHERTY based on his documented history of use of

20   unreasonable and excessive force, including: (1) David "Scotty" Byrket, who was beaten so severely that

21   he sustained broken ribs and a fractured spine; (2) Michael Le Mon, who was experiencing a mental

22   health breakdown but was pepper-sprayed, struck with batons, shocked with a taser, handcuffed, and

23   placed in a chokehold, causing his death; and (3) Plaintiff WILLIE ROBERTS, who was unarmed, non-

24   threatening, and lying prone on the ground, when he was shot three times in the legs, without cause.

25                                 **Ratification**

26        125.    On December 22, 2020, Defendant DONNY YOUNGBLOOD stated: "I do not believe

27   that the men and women of this organization have ever violated the constitutional rights, have ever used

28   excessive force that we didn't deal with punitively when we found it—that just doesn't happen in our

organization." <u>Courthouse News Service</u>, *California, Kern County Sheriff Reach Reform Deal to End AG Probe* (Dec. 22, 2020) (< https://www.courthousenews.com/california-kern-county-sheriff-reach-reform-deal-to-end-ag-probe/ >.)

126.    On January 19, 2021, Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE convened an "Incident Review Board" made up of Defendants DOE 1 to 10 for the purpose of reviewing the officer-involved shooting of Plaintiff WILLIE ROBERTS. The Incident Review Board concluded that Defendant BRANDON GEHERTY's use of deadly force against Plaintiff WILLIE ROBERTS was "within department policy."

127.    On January 20, 2021, Defendants KERN COUNTY SHERIFF'S OFFICE published a "Critical Incident Video Review" on its YouTube channel, which fails to provide the accurate number, nature, and trajectory of the gunshots that wounded Plaintiff WILLIE ROBERTS, falsely reports that Defendant BRANDON GEHERTY "fired one round" into Plaintiff WILLIE ROBERTS, and that Plaintiff WILLIE ROBERTS "retrieved a black handgun from his waistband and pointed it at Deputy Geherty's face." (< https://youtu.be/8VRHXoS2TQ0 >.)

**FIRST CLAIM**

**Excessive Force**

**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

128.    Plaintiffs WILLIE ROBERTS and CARLA SUTTON assert this Claim against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10.

129.    The allegations of the preceding paragraphs 1 to 127 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

130.    Defendants BRANDON GEHERTY and RYAN BROCK, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force, or failed to intercede in, were integral participants in, or aided and abetted the use of unreasonable and excessive force against Plaintiffs WILLIE ROBERTS and CARLA SUTTON, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

131.    Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY

YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs WILLIE ROBERTS and CARLA SUTTON, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

132.    Defendants DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

133.    Plaintiffs WILLIE ROBERTS and CARLA SUTTON were injured as a direct and proximate result of Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10's actions and inactions, entitling them to receive compensatory damages against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10; and punitive damages against Defendants DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10.

WHEREFORE, Plaintiffs WILLIE ROBERTS and CARLA SUTTON pray for relief as hereunder appears.

### SECOND CLAIM

**False Detention / Arrest**

**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

134.    Plaintiff CARLA SUTTON asserts this Claim against Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK.

135.    The allegations of the preceding paragraphs 1 to 115 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

136.    Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained / arrested Plaintiff CARLA SUTTON, without a warrant and without probable cause, or failed to intercede in, were integral participants in, or aided and abetted the false detention / arrest of Plaintiff CARLA

25

SUTTON, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

137.    Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

138.    Plaintiff CARLA SUTTON was injured as a direct and proximate result of Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK's actions and inactions, entitling her to receive compensatory and punitive damages against Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK.

WHEREFORE, Plaintiff CARLA SUTTON prays for relief as hereunder appears.

### THIRD CLAIM

**Unreasonable Search and Seizure**

**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

139.    Plaintiff CARLA SUTTON asserts this Claim against Defendants WILLIAM MALLOY and CODY JOHNSON.

140.    The allegations of the preceding paragraphs 1 to 115 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

141.    Defendants WILLIAM MALLOY and CODY JOHNSON, acting or purporting to act in the performance of their official duties as law enforcement officers, unreasonably seized and searched Plaintiff CARLA SUTTON's personal property, without a warrant and without probable cause, or failed to intercede in, were integral participants in, or aided and abetted the unreasonable seizure and search of Plaintiff CARLA SUTTON's personal property, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

142.    Defendants WILLIAM MALLOY and CODY JOHNSON's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

143.    Plaintiff CARLA SUTTON was injured as a direct and proximate result of Defendants WILLIAM MALLOY and CODY JOHNSON's actions and inactions, entitling her to receive

26

1  compensatory and punitive damages against Defendants WILLIAM MALLOY and CODY JOHNSON.

2      WHEREFORE, Plaintiff CARLA SUTTON prays for relief as hereunder appears.

3  ### FOURTH CLAIM

4  **Excessive Force**

5  **(Cal. Const., Art. I, § 13)**

6      144.    Plaintiffs WILLIE ROBERTS and CARLA SUTTON assert this Claim against

7  Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD,

8  JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10.

9      145.    The allegations of the preceding paragraphs 1 to 127 are realleged and incorporated, to the

10  extent relevant and as if fully set forth in this Claim.

11     146.    Defendants BRANDON GEHERTY and RYAN BROCK, acting or purporting to act in

12  the performance of their official duties as law enforcement officers, used unreasonable and excessive

13  force, or failed to intercede in, were integral participants in, or aided and abetted the use of unreasonable

14  and excessive force against Plaintiffs WILLIE ROBERTS and CARLA SUTTON, in violation of Article

15  I, Section 13 of the California Constitution.

16     147.    Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY

17  YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10, acting or purporting to act under color of state

18  law and as policymaking authorities, maintained policies or customs of action and inaction resulting in

19  harm to Plaintiffs WILLIE ROBERTS and CARLA SUTTON, in violation of Article I, Section 13 of the

20  California Constitution.

21     148.    Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE are

22  vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§

23  815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting

24  within the scope of their employment, including Defendants DONNY YOUNGBLOOD, JASON

25  COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10.

26     149.    Defendants DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY,

27  RYAN BROCK, and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice

28  resulting in great harm.

27

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Roberts v. County of Kern*, United States District Court, Eastern District of California, Case No. _____

150.     Plaintiffs WILLIE ROBERTS and CARLA SUTTON were injured as a direct and proximate result of Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10's actions and inactions, entitling them to receive compensatory damages against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10; and punitive damages against Defendants DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10.

WHEREFORE, Plaintiffs WILLIE ROBERTS and CARLA SUTTON pray for relief as hereunder appears.

## FIFTH CLAIM

### False Detention / Arrest

### (Cal. Const., Art. I, § 13)

151.     Plaintiff CARLA SUTTON asserts this Claim against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK.

152.     The allegations of the preceding paragraphs 1 to 115 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

153.     Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained / arrested Plaintiff CARLA SUTTON, without a warrant and without probable cause, or failed to intercede in, were integral participants in, or aided and abetted the false detention / arrest of Plaintiff CARLA SUTTON, in violation of Article I, Section 13 of the California Constitution.

154.     Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK.

155.   Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

156.   Plaintiff CARLA SUTTON was injured as a direct and proximate result of Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK's actions and inactions, entitling her to receive compensatory damages against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK; and punitive damages against Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK.

WHEREFORE, Plaintiff CARLA SUTTON prays for relief as hereunder appears.

## SIXTH CLAIM

### Unreasonable Search and Seizure

### (Cal. Const., Art. I, § 13)

157.   Plaintiff CARLA SUTTON asserts this Claim against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, WILLIAM MALLOY, and CODY JOHNSON.

158.   The allegations of the preceding paragraphs 1 to 115 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

159.   Defendants WILLIAM MALLOY and CODY JOHNSON, acting or purporting to act in the performance of their official duties as law enforcement officers, unreasonably seized and searched Plaintiff CARLA SUTTON's personal property, without a warrant and without probable cause, or failed to intercede in, were integral participants in, or aided and abetted the unreasonable seizure and search of Plaintiff CARLA SUTTON's personal property, in violation of Article I, Section 13 of the California Constitution.

160.   Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants WILLIAM MALLOY and CODY JOHNSON.

161.   Defendants WILLIAM MALLOY and CODY JOHNSON's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

29

162.    Plaintiff CARLA SUTTON was injured as a direct and proximate result of Defendants WILLIAM MALLOY and CODY JOHNSON's actions and inactions, entitling her to receive compensatory damages against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, WILLIAM MALLOY, and CODY JOHNSON; and punitive damages against Defendants WILLIAM MALLOY and CODY JOHNSON.

WHEREFORE, Plaintiff CARLA SUTTON prays for relief as hereunder appears.

## SEVENTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

163.    Plaintiffs WILLIE ROBERTS and CARLA SUTTON assert this Claim against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10.

164.    The allegations of the preceding paragraphs 1 to 127 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Excessive Force

165.    Defendants BRANDON GEHERTY and RYAN BROCK, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force, or failed to intercede in, were integral participants in, or aided and abetted the use of unreasonable and excessive force against Plaintiffs WILLIE ROBERTS and CARLA SUTTON, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

166.    Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs WILLIE ROBERTS and CARLA SUTTON, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment (as incorporated through the Fourteenth

30

Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

False Detention / Arrest

167.    Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained / arrested Plaintiff CARLA SUTTON, without a warrant and without probable cause, or failed to intercede in, were integral participants in, or aided and abetted the false detention / arrest of Plaintiff CARLA SUTTON, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Unreasonable Search and Seizure

168.    Defendants WILLIAM MALLOY and CODY JOHNSON, acting or purporting to act in the performance of their official duties as law enforcement officers, unreasonably seized and searched Plaintiff CARLA SUTTON's personal property, without a warrant and without probable cause, or failed to intercede in, were integral participants in, or aided and abetted the unreasonable seizure and search of Plaintiff CARLA SUTTON's personal property, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Common Allegations

169.    Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10.

170.    Defendants DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

171.    Plaintiffs WILLIE ROBERTS and CARLA SUTTON were injured as a direct and

31

proximate result of assert this Claim against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10's actions and inactions, entitling them to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10; and punitive damages against Defendants DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10.

WHEREFORE, Plaintiffs WILLIE ROBERTS and CARLA SUTTON pray for relief as hereunder appears.

## EIGHTH CLAIM

### Assault / Battery

172.   Plaintiffs WILLIE ROBERTS and CARLA SUTTON assert this Claim against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10.

173.   The allegations of the preceding paragraphs 1 to 127 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

174.   Defendants BRANDON GEHERTY and RYAN BROCK, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force, or failed to intercede in, were integral participants in, or aided and abetted the use of unreasonable and excessive force against Plaintiffs WILLIE ROBERTS and CARLA SUTTON.

175.   Defendants DONNY YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs WILLIE ROBERTS and CARLA SUTTON.

176.   Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DONNY YOUNGBLOOD, JASON

32

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Roberts v. County of Kern*, United States District Court, Eastern District of California, Case No. _____

COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10.

177. Defendants DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

178. Plaintiffs WILLIE ROBERTS and CARLA SUTTON were injured as a direct and proximate result of Defendants DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10's actions and inactions, entitling them to receive compensatory damages against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10; and punitive damages against Defendants DONNY YOUNGBLOOD, JASON COLBERT, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10.

WHEREFORE, Plaintiffs WILLIE ROBERTS and CARLA SUTTON pray for relief as hereunder appears.

## NINTH CLAIM

### False Arrest / Imprisonment

179. Plaintiff CARLA SUTTON asserts this Claim against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK.

180. The allegations of the preceding paragraphs 1 to 115 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

181. Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained / imprisoned Plaintiff CARLA SUTTON, without a warrant and without probable cause, or failed to intercede in, were integral participants in, or aided and abetted the false detention / imprisonment of Plaintiff CARLA SUTTON.

182. Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting

33

within the scope of their employment, including Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK.

183.    Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

184.    Plaintiff CARLA SUTTON was injured as a direct and proximate result of Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK's actions and inactions, entitling her to receive compensatory damages against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK; and punitive damages against Defendants WILLIAM MALLOY, CODY JOHNSON, and RYAN BROCK.

WHEREFORE, Plaintiff CARLA SUTTON prays for relief as hereunder appears.

## TENTH CLAIM

### Conversion / Trespass to Chattels

185.    Plaintiff CARLA SUTTON asserts this Claim against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, WILLIAM MALLOY, and CODY JOHNSON.

186.    The allegations of the preceding paragraphs 1 to 115 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

187.    Defendants WILLIAM MALLOY and CODY JOHNSON, acting or purporting to act in the performance of their official duties as law enforcement officers, substantially interfered with Plaintiff CARLA SUTTON's right to possess her personal property by knowingly or intentionally taking possession of the property and disposing of the property, without consent.

188.    Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants WILLIAM MALLOY and CODY JOHNSON.

189.    Defendants WILLIAM MALLOY and CODY JOHNSON's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

190.    Plaintiff CARLA SUTTON was injured as a direct and proximate result of Defendants

34

1   WILLIAM MALLOY and CODY JOHNSON's actions and inactions, entitling her to receive

2   compensatory damages against Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S

3   OFFICE, WILLIAM MALLOY, and CODY JOHNSON; and punitive damages against Defendants

4   WILLIAM MALLOY and CODY JOHNSON.

5        WHEREFORE, Plaintiff CARLA SUTTON prays for relief as hereunder appears.

6                                **ELEVENTH CLAIM**

7                        **Intentional Infliction of Emotional Distress**

8        191.   Plaintiffs WILLIE ROBERTS and CARLA SUTTON assert this Claim against

9   Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD,

10  JASON COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN

11  BROCK, and DOE 1 to 10.

12       192.   The allegations of the preceding paragraphs 1 to 127 are realleged and incorporated, to the

13  extent relevant and as if fully set forth in this Claim.

14       193.   Defendants WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, and

15  RYAN BROCK, acting or purporting to act in the performance of their official duties as law enforcement

16  officers, engaged in outrageous conduct against Plaintiffs WILLIE ROBERTS and CARLA SUTTON,

17  causing them to suffer severe emotional distress.

18       194.   Defendants DONNY YOUNGBLOOD, JASON COLBERT, and DOE 1 to 10, acting or

19  purporting to act under color of state law and as policymaking authorities, maintained policies or customs

20  of action and inaction resulting in harm to Plaintiffs WILLIE ROBERTS and CARLA SUTTON.

21       195.   Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE are

22  vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§

23  815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting

24  within the scope of their employment, including Defendants DONNY YOUNGBLOOD, JASON

25  COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and

26  DOE 1 to 10.

27       196.   Defendants DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY,

28  CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10's actions and inactions

                                    35

1  constituted oppression, fraud, and/or malice resulting in great harm.

2      197.    Plaintiffs WILLIE ROBERTS and CARLA SUTTON were injured as a direct and

3  proximate result of Defendants DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY,

4  CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10's actions and inactions,

5  entitling them to receive compensatory damages against Defendants COUNTY OF KERN, KERN

6  COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, DONNY

7  YOUNGBLOOD, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN

8  BROCK, and DOE 1 to 10; and punitive damages against Defendants DONNY YOUNGBLOOD,

9  JASON COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN

10  BROCK, and DOE 1 to 10.

11      WHEREFORE, Plaintiffs WILLIE ROBERTS and CARLA SUTTON pray for relief as

12  hereunder appears.

13  ## TWELFTH CLAIM

14  ### Negligence

15      198.    Plaintiffs WILLIE ROBERTS and CARLA SUTTON assert this Claim against

16  Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD,

17  JASON COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN

18  BROCK, and DOE 1 to 10.

19      199.    The allegations of the preceding paragraphs 1 to 127 are realleged and incorporated, to the

20  extent relevant and as if fully set forth in this Claim.

21      200.    Defendants DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY,

22  CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10, acting or purporting to

23  act in the performance of their official duties as law enforcement officers, owed Plaintiffs WILLIE

24  ROBERTS and CARLA SUTTON duties of care and breached those duties. Defendant DONNY

25  YOUNGBLOOD had a special relationship with Defendants JASON COLBERT, WILLIAM MALLOY,

26  CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10, based on an employer-

27  employee relationship.

28      201.    Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE are

36

1  vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§

2  815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting

3  within the scope of their employment, including Defendants DONNY YOUNGBLOOD, JASON

4  COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and

5  DOE 1 to 10.

6       202.    Defendants DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY,

7  CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10's actions and inactions

8  constituted oppression, fraud, and/or malice resulting in great harm.

9       203.    Plaintiffs WILLIE ROBERTS and CARLA SUTTON were injured as a direct and

10  proximate result of Defendants DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY,

11  CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10's actions and inactions,

12  entitling them to receive compensatory damages against Defendants COUNTY OF KERN, KERN

13  COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM

14  MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10; and

15  punitive damages against Defendants DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM

16  MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10.

17       WHEREFORE, Plaintiffs WILLIE ROBERTS and CARLA SUTTON pray for relief as

18  hereunder appears.

19                          **PRAYER FOR RELIEF**

20       WHEREFORE, Plaintiffs WILLIE ROBERTS and CARLA SUTTON seek Judgment as follows:

21       1.    For an award of compensatory, general, special, and nominal damages against Defendants

22  COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON

23  COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and

24  DOE 1 to 10, in excess of $5,000,000, according to proof at trial;

25       2.    For an award of exemplary/punitive damages against Defendants DONNY

26  YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON

27  GEHERTY, RYAN BROCK, and DOE 1 to 10, in an amount sufficient to deter and to make an example

28  of them, because their actions and inactions were motivated by evil motive or intent, involved reckless or

37

callous indifference to constitutional and statutory rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, or malice resulting in great harm;

3.     For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief Defendants COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD, JASON COLBERT, WILLIAM MALLOY, CODY JOHNSON, BRANDON GEHERTY, RYAN BROCK, and DOE 1 to 10, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S OFFICE, pursuant to Cal. Civ. Code § 818);

4.     For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5.     For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: May 5, 2021                                          Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336

Attorneys for Plaintiffs
WILLIE ROBERTS and CARLA SUTTON

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs WILLIE ROBERTS and CARLA SUTTON.

Dated: May 5, 2021

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:      (916) 447-8336

Attorneys for Plaintiffs
WILLIE ROBERTS and CARLA SUTTON