UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Willie Roberts and Carla Sutton, | No. 1:21-cv-00725-KJM-CDB |
| Plaintiffs, | ORDER |
| v. | |
| County of Kern, et al., | |
| Defendants. | |

Defendants ask the court to reconsider its order denying their previous motion for summary judgment in part. *See* Mot. Recons., ECF No. 48. In that order, the court found there were genuine disputes of material fact related to plaintiff Willie Roberts's claims of excessive force under 42 U.S.C. § 1983 and his related claims under state law. *See* Prev. Order at 2–6, 8–10, ECF No. 41. Defendants' request for reconsideration rests on Roberts's decision to plead no contest in a related criminal prosecution in state court. *See* Mem. at 8–10, ECF No. 49; Req. J. Not. Ex. C, ECF No. 52 (change of plea hearing transcript). Defendants argue Roberts cannot prevail in this federal case without implying his state court conviction is invalid, citing *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Mem. at 10–14. Plaintiffs oppose the motion. *See generally* Opp'n, ECF No. 53. The court submits the matter without a hearing.

Federal district courts have inherent authority to revise their pretrial orders if doing so is "consonant with equity." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 697 (2025)

1

(quoting *John Simmons Vo. v. Grier Brothers Co.*, 258 U.S. 92, 90–91 (1922)).  But barring any "highly unusual circumstances," district courts do not reconsider unless they are "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  Litigants may not "raise arguments or present evidence for the first time" in a motion for reconsideration "when they could reasonably have been raised earlier in the litigation."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Defendants do not identify any newly discovered evidence, intervening changes in the law or clear errors warranting reconsideration.  Contrary to defendants' argument, *see* Mem. at 10, Roberts's decision to change his plea is not new evidence.  Roberts changed his plea several months before this court issued its order on defendants' motion for summary judgment, and the criminal case against Roberts was filed much earlier, in 2020, before this case had even begun.  *See* Req. J. Not. Ex. A, ECF No. 52 (criminal complaint).  Defendants could have brought the criminal case and Roberts's no-contest plea to the court's attention while their summary judgment motion was pending, but they did not.  They "may not" do so now.  *Kona Enters*, 229 F.3d at 890 (emphasis omitted).

In the alternative, defendants request permission to file a second motion for summary judgment. Mem. at 22–23.  The court denies this request.  The deadline for dispositive motions has passed.  Defendants have not shown good cause to extend that deadline.  *See Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  Nor have defendants identified any relevant changes in the law, new evidence, clear error or manifest injustice that might warrant a successive motion.  *See, e.g., Baker v. Cottrell, Inc.*, No. 16-00840, 2018 WL 10372944, at *2 (E.D. Cal. Feb. 13, 2018) (rejecting a request for permission to file a successive motion based on evidence party possessed but did not cite); *Brazill v. Cal. Northstate Coll. of Pharmacy, LLC*, No. 12-1218, 2013 WL 4500667, at *1–2 (E.D. Cal. Aug. 22, 2013) (applying the standard above and emphasizing that "[t]he summary judgment process is not to be used to test what the court's ruling will be and then to patch any deficiencies . . . with a subsequent motion.").

The parties debate a number of other issues, such as whether defendants forfeited a defense based on *Heck v. Humphrey* by omitting it from their answers, *see Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (agreeing "*Heck* is an affirmative defense that may be waived or forfeited"); whether defendants should nevertheless be permitted to assert the omitted defense, *see* Fed. R. Civ. P. 16(b) (governing changes to the pretrial scheduling order); Fed. R. Civ. P. 15 (governing amendments and supplements to the pleadings); and, on the bottom line, whether a defense under *Heck v. Humphrey* would be viable. It is not necessary to reach these issues. The court goes no further than denying the pending motion to reconsider and defendants' alternative request to move again for summary judgment. If any the other issues above can be raised properly in another motion or filing—in compliance with the Federal Rules, the Local Rules and this court's standing orders—then the court does not now prohibit any party from doing so.

For these reasons, the motion for reconsideration (ECF No. 48) is **denied**.

IT IS SO ORDERED.

DATED: May 8, 2025.

_____
UNITED STATES DISTRICT JUDGE