UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Willie Roberts and Carla Sutton, | No. 1:21-cv-00725-KJM-CDB |
| Plaintiffs, | ORDER |
| v. | |
| County of Kern, et al., | |
| Defendants. | |

Defendants seek an extension of time to file motions in limine, relying on Local Rule 233. ECF No. 58. That rule creates a procedure for handling "[m]iscellaneous administrative matters" and offers examples to illustrate the motions that fit this description: "motions to exceed applicable page limitations; requests to shorten time on a motion; requests to extend a response deadline; requests to alter a briefing schedule; or requests to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pre-trial conference." E.D. Cal. L.R. 233. Plaintiffs argue a request to extend a deadline for filing motions in limine is not such an "administrative" matter. *See* Opp'n at 2–3, ECF No. 60. The court disagrees. Defendants' request is analogous to the listed examples, such as requests to alter a briefing or discovery schedule. Granting their request would require no changes to any dispositive motion filing date, trial date or final pretrial conference.

1

The court may extend a pretrial deadline "for good cause," even a deadline that has already passed, as long as the party requesting such an extension "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "This rule, like all the Federal Rules of Civil Procedure, 'is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983), *superseded by rule on other grounds as stated in In re Stein*, 197 F.3d 421, 426 (9th Cir. 1999)). "Good cause" and "excusable neglect" are "familiar terms in the world of judicial procedure, and both represent relatively malleable concepts." *United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id.* (quoting *Ahanchian*, 624 F.3d at 1259). "An analysis of 'excusable neglect' generally requires a court to analyze the four factors set out by the Supreme Court" in *Pioneer Investor Services Co. v. Brunswick Associates Ltd.*, i.e., the danger of prejudice, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).

Defendants have demonstrated good cause, and they have shown their failure to file motions in limine by the applicable deadline was the result of excusable neglect. The reason for that failure, they explain, was a simple mistake—a misinterpretation of the local rules and this court's previous order. *See* Admin. Mot. at 5. Nothing in the record shows otherwise. The extension defendants request is also short, only a few days, and will have no significant effect on the broader case schedule. The trial is not set to begin until early August 2025, months from now. Plaintiffs will have less time to review defendants' motions and prepare responses than they would if defendants had filed their motions in limine on time, but the court will mitigate this prejudice by modifying the relevant opposition and reply deadlines. Finally, defendants would be permitted to make the same objections orally at trial regardless of whether the court granted their pending motion, so permitting them to file their proposed motions in limine will reduce uncertainty about the scope of their objections and the reasoning behind them.

The court therefore orders as follows:

- The administrative motion at ECF No. 58 is **granted**.
- Defendants' proposed motions in limine, ECF No. 58-1, are **deemed filed** as of the date of defendant's administrative motion, i.e., April 25, 2025, but to ensure the docket of this matter is clear, defendants are directed to **promptly file a separate copy** of the same motions in limine.
- The deadline for all oppositions to motions in limine is **extended to June 3, 2025**.
- Replies, if any, must be filed by **June 10, 2025**.
- The court will resolve all motions in limine orally on the first day of trial.

IT IS SO ORDERED.

DATED: May 8, 2025.

UNITED STATES DISTRICT JUDGE